JOHN S. DAVENPORT, AS EXECUTOR, ETC., OF EMMA SANDLAND, DECEASED, RESPONDENT, v. THE BANK FOR SAVINGS, APPELLANT.

*Costs — when a savings bank refusing to pay a deposit may be charged with the costs of an action brought to recover it — 1882, chap. 409, sec. 259.*

The plaintiff's testatrix, an unmarried woman, of the name of Emma Sandland, deposited with the defendant, a savings bank, a sum of money in the name of Emily Sands. Before bringing this action to recover the amount of the deposit the plaintiff exhibited to the bank the pass-book containing the account, proof of his appointment as executor, and an affidavit showing the identity of his testatrix with the depositor, and that the bank book was found among her effects.

*Held*, that the referee in directing a judgment in favor of the plaintiff, properly charged the defendant with the costs of the action. (BRADY, J., dissenting.)

Section 259 of chapter 409 of 1882, placing the costs in certain actions against savings banks, in the discretion of the court, only applies to the particular

cases distinctly specified in the section, viz., to actions by a husband to recover moneys deposited by his wife in her own name, and to actions to recover money deposited when there are claimants to the fund, other than the plaintiffs, who are not parties to the action.

APPEAL from so much of the judgment, entered upon the report of a referee, as directs that the respondent recover the costs and disbursements of the action.

*Strong & Cadwalader*, for the appellant.

*Felix Jellenik*, for the respondent.

DAVIS, P. J.:

This action was brought by the plaintiff to recover from the defendant a sum of money deposited with the defendant by the plaintiff's testatrix. The deposit was made by the testatrix, an unmarried woman, in the name of Emily Sands, her real name being Emma Sandland, and the only question in the case was the identity of the testatrix and the depositor. There does not appear to have been any other claimant to the money, and before bringing this suit the pass-book containing the account was presented to the bank by the plaintiff, with proof of his appointment as executor, and an affidavit showing the identity of his testatrix with the depositor, and that the bank book was found among her effects.

The only question brought up by this appeal is the construction of section 259 of the Laws of 1882, chapter 409. That section is as follows:

"In all actions in any court of this State against any savings bank by a husband to recover for moneys deposited by his wife in her own name, or as her own money, the wife may be examined and testify as a witness in like manner as if she were an unmarried woman. And in all actions against any savings bank to recover for moneys on deposit therewith, if there be any person or persons, whether husband or wife, or otherwise, claiming the same fund, who are not parties to the action, the court in which such action is pending may, on the petition of such savings bank, and upon eight days' notice to the plaintiff and such claimants, make an order amending the proceedings in said action, by making such claimants

parties defendant thereto; and the said court shall thereupon proceed to hear and determine the rights and interests of the several parties to said action in and to said funds. The said funds or deposits, which are the subject of the said action, may remain with such savings bank, upon the same interest as other deposits of like amount, to the credit of the action, until final judgment therein, and the same shall be paid by such savings bank in accordance with the order of the court, or the deposit in controversy may be paid into court to await the final determination of the action, and when so paid into court the corporation shall be stricken out as a party to such action, and its liability for such deposit shall cease. The question of the costs in the actions referred to in this section shall, in all cases, be in the discretion of the court, and may be charged upon the fund affected by such action, and the statutes limiting the time within which actions shall be commenced, shall have no application to actions brought by depositors, their representatives or assigns, against savings banks for deposits made therein."

It is claimed on the part of the appellant that this section provides that costs, in all cases against savings banks to recover moneys deposited, shall be in the discretion of the court, and may be charged upon the fund affected by such action. The learned referee held that the section only provided for costs in cases distinctly specified in it, to wit, in actions by a husband to recover moneys deposited by his wife in her own name, and in actions to recover for moneys on deposit when there are other claimants to the same fund who are not parties to the action. We have given the section careful consideration, and are of opinion that the construction of the referee is the correct one. It can hardly be doubted, as it seems to us, that if the legislature intended to enact that costs in all suits against savings banks for moneys on deposit shall be in the discretion of the court, and may be charged on the fund on deposit, it would have so declared in clear and explicit terms. We think the manifest intention of the legislature was to provide a rule limited to the cases particularly described in the section, without any intention to change the general rule of law applicable to actions at law to recover money brought against savings banks. In this case there was no claimant to the fund except the plaintiff. Upon the trial there was no doubt of his right to recover the money, and it

appeared that before the suit was brought proof that ought to have been satisfactory, to show that no other persons possessed the pass-book except the testatrix in her lifetime, and the plaintiff after her decease, and that she was the person who made the deposit, was furnished to defendant. The case involved no issue other than a simple legal one, triable by a court and jury, or, by consent, before a referee, and being purely an action at law for the recovery of money, the general and well established rule in respect to costs entitled the plaintiff to the costs awarded by the referee.

The judgment must be affirmed.

DANIELS, J., concurred.

BRADY, J. (dissenting):

The bank was justified in demanding, in legal form, proof of the identity of the testatrix. She had deposited her money under an assumed name, her name after her decease being very different. The statute discussed by the presiding justice contemplates two claimants for the fund, which is not a feature of this case, and I think it does not apply. The bank, in protecting its depositors by refusing payment until judgment, was entitled to indemnity. This necessity was caused by the depositor, and her estate should bear the burden. It is proper, therefore, that the plaintiff's costs should be paid out of the fund, and such should be the order herein. Such a ruling is within the spirit of the case of *Bushnell* v. *Chautauqua County National Bank* (74 N. Y., 294).

Judgment affirmed.